FILED
SEP 25 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Civil Action No.: 24-cv-_____

ALEX LOPEZ, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PRO-VIGIL, INC., a Texas corporation,

    Defendant.

SA24CA1090 OG

## COMPLAINT AND JURY DEMAND

Plaintiff Alex Lopez ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complains as follows:

### NATURE OF THE ACTION

1. This action is brought on behalf of all Field Service Technicians holding comparable positions with different titles ("Technicians")[1] employed by Pro-Vigil, Inc. ("Defendant") in the United States during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Technicians required overtime compensation.

---

[1] Defendant employed similarly situated individuals using numerous titles, including "Field Service Technician," "Security Technician," "Maintenance Technician," and others.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

4. Defendant is subject to personal jurisdiction in this District because it maintains its headquarters and primary office in this District, avails itself of the privilege of conducting substantial business in this District, and is otherwise at home in this District.

5. Defendant is also subject to personal jurisdiction in this District because this action arises out Defendants' illegal pay practices that caused damages to employees in the State of Texas and across the United States.

6. Defendant has also availed themselves of the privilege of conducting substantial business in California, where Plaintiff resides and worked for Defendant, and certain of the acts and omissions alleged herein arise out of Defendant's activities in California.

7. Venue is proper in the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

8. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in California.

9. Defendant is a Texas corporation. Defendant maintains its principal place of business at 4646 Perrin Creek, Suite #280 in San Antonio, Texas. Defendant is registered to conduct business in numerous states, including California, Colorado, Illinois, Nevada, New York, and others.[2]

---

[2] https://pro-vigil.com/locations-we-serve/ (last accessed on September 23, 2024).

10. Defendant is primarily in the business of operating a surveillance and security company which provides security systems and monitoring services for businesses. Defendant also provides security system installation, repair, maintenance, and other client support services.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Technicians (or similar title as defined *supra*) in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of 40 in a work week ("Collective").

12. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

13. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## STATEMENT OF FACTS

14. Defendant provides security systems, surveillance, monitoring, and related client services for businesses.[3] Technicians follow standardized processes involving well-established techniques and procedures implemented by Defendant, and they work within closely prescribed limits imposed by Defendant. Defendant employs all Technicians and establishes their pay

---

[3] https://pro-vigil.com/services/fixed-surveillance-video-surveillance/ (last accessed on September 20, 2024).

practices.

15. Technicians are classified as exempt, salaried employees and are compensated by salary for all hours worked each pay period, including those over 40 in a work week.

16. Defendant employed Plaintiff as a Field Service Technician in California. Plaintiff began his employment on or about December 2022 and left his employment with Defendant on or about June 30, 2023.

17. At the beginning of Plaintiff's employment with Defendant, he participated in rigorous training required by Defendant. Defendant's training informed Plaintiff of all company policies and procedures related to field service work, including step-by-step instructions for security system installation, repair, maintenance, and removal.

18. As a Technician, Plaintiff was classified as a salary-exempt employee. Plaintiff's salary was $47,000 annually, paid every other week. At times, Plaintiff received non-discretionary bonuses for jobs completed in states other than California.

19. As a Technician, Plaintiff regularly worked approximately 60 hours per week. Plaintiff was also required to be available for "on-call" work. Plaintiff was required to perform Technician duties across the entire state of California and occasionally other states across the Western United States.

20. Defendant did not require Plaintiff to clock in and out for shifts.

21. As a Technician, Plaintiff's primary job duties were to install, repair, and maintain security equipment located at client facilities as directed and assigned by Defendant.

22. Plaintiff's work was assigned to him via a "ticket" system implemented by Defendant. Plaintiff was required to complete installations, repairs, and maintenance tasks included in service tickets created by Defendant's clients that were submitted to Defendant though

an online client portal.

23. Plaintiff's job duties almost exclusively consisted of manual labor, which was required to install and repair security systems at client sites. Plaintiff used hand tools, power tools, ladders, and other construction equipment to perform his duties. Plaintiff was also required to lift and move heavy equipment on a daily basis.

24. Plaintiff also performed routine diagnostic and troubleshooting tests using tablet or laptop devices and software programs provided by Defendant. Plaintiff merely initiated and ran Defendant's diagnostic software programs and communicated results to Defendant's clients.

25. When security cameras or security equipment required software repairs, Plaintiff would simply plug the security camera or device into his company-issued laptop or tablet and Defendant's engineers would remotely take control of the defective device for repair.

26. As a Technician, Plaintiff never engaged in the application, design, development, analysis, creation, testing, or modification of any computer software or hardware.

27. While performing routine diagnostic and troubleshooting tests of security systems, Plaintiff did not engage in any duties related to coding, system applications or analysis, software or computer engineering, or design.

28. All of Plaintiff's work was performed in the field at client facilities. Plaintiff never worked in Defendant's offices or otherwise performed any non-manual office work.

29. Plaintiff did not (a) manage or supervise any other employees of Defendant, (b) direct any department within Defendant's business, or (c) direct any of Defendant's business operations. Plaintiff was managed by the Director of Field Services and other regional supervisors.

30. Plaintiff's job duties and tasks were highly regulated and controlled, sometimes on a step-by-step and incremental level, by Defendant. Plaintiff and members of the Collective were

prohibited from exercising discretion and independent judgment as to matters of significance within Defendant's operations.

31. Plaintiff and members of the Collective were directed by Defendant to strictly adhere to corporate policies implemented by Defendant.

32. Plaintiff and members of the Collective participated and engaged in essential job duties and tasks on a daily basis that directly related and contributed to Defendant's primary business of providing security and surveillance services to customers for profit.

33. Defendant improperly applied a salary exemption to Plaintiff and members of the Collective.

34. Plaintiff regularly worked more than 40 hours each week, but Plaintiff never received overtime premiums at one and one-half his regular rate of pay for hours worked over 40 in individual work weeks.

35. Plaintiff and all other Technicians were employed under identical or substantially similar terms. All Technicians were provided identical or substantially similar copies of position descriptions at the start of their employment.

36. The common terms of employment for Technicians, including the pay practices identified herein, were intentionally and purposefully made identical by Defendant.

37. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure, applied to all Technicians, including Plaintiff.

38. Due to the uniform and common policies and practices implemented by Defendant, most, if not all, of the Technicians' job duties as described were determined by Defendant.

39. Defendant previously employed Plaintiff. Defendant continues to employ members of the Collective as alleged herein.

40. Defendant misclassified Plaintiff and members of the Collective as exempt from overtime compensation.

41. Defendant has failed to pay Technicians, including Plaintiff, overtime pay.

42. Defendant has a uniform policy and practice to not pay Technicians for all hours worked in excess of 40 per work week.

43. Defendant's violations of the FLSA are not in good faith. Defendant is, and has been, well aware of its legal obligation to pay overtime compensation to Plaintiff and members of the Collective.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

44. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

45. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

46. At all relevant times, Defendant employed, and/or continues to employ, each of the members of the Collective within the meaning of the FLSA.

47. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

48. At all relevant times, Defendant has had a uniform policy and practice to not pay overtime compensation for all overtime hours worked at legally mandated rates.

49. As a result of Defendant's failure to properly compensate its employees, including Plaintiff and the members of the Collective, Defendant has violated, and continues to violate, the FLSA.

50. As an employer within the meaning of the FLSA, Defendant has a duty to create and maintain accurate records of employee hours. Defendant failed to do so.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendant unpaid overtime compensation, liquidated damages, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of overtime compensation due under the FLSA;

d. An award of liquidated damages and/or statutory penalties under the FLSA;

e. An award of additional damages and/or statutory penalties under the FLSA as a result of Defendant's willful failure to properly pay overtime compensation;

f. An award of damages representing Defendant's share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes;

g. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

h. An award of costs and expenses of this action together with attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective have a right to jury trial.

Respectfully submitted this 24rd day of September, 2024.

*Samuel D. Engelson*
Michael D. Kuhn Colorado Bar No. 42784
Samuel D. Engelson Colorado Bar No. 57295
(*pro hac vice* applications forthcoming)
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek North Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email:   mkuhn@ll.law
         sengelson@ll.law

*Attorneys for Plaintiff*